50 So.2d 725

## McKENZIE et al. v. PROTESTANT EPISCOPAL CHURCH IN DIOCESE OF ALABAMA.

### I Div. 406.

Supreme Court of Alabama.

Feb. 15, 1951.

Hubert M. Hall, of Bay Minette, for appellants.

C. G. Chason, of Foley, for appellee.

LIVINGSTON, Justice.

This is a statutory bill to quiet title to certain described lands located in Baldwin County, Alabama. Section 1109 and 1110, Title 7, Code of 1940.

No question is presented as to the sufficiency of the amended bill of complaint, which was filed by The Protestant Episcopal Church in the Diocese of Alabama, a corporation, against Frank McKenzie and Raleigh McKenzie, and in which bill the lands involved are described as follows: "Beginning at a point 1149 feet east and 94 feet north of the southeast corner of fractional section thirty-four (34), township seven (7), south, range two (2), east, thence run north 13°–30′ east 300 feet, thence run north 73°–6′ east 3692 feet, more or less, to the margin of Weeks Bay, thence southeasterly, following the meanderings of Weeks Bay 900 feet, thence south 80°–30′ west 455 feet, thence north 13°–30′ west twenty (20) feet, thence south 80°–30′ west 3469 feet to the point of beginning, containing 52.5 acres, and being in section thirty-eight (38), township seven (7), south, range two (2), east, according to a plat thereof as recorded in the office of the Judge of Probate of Baldwin County, Alabama, in Deed Book two (2) pages 646–647."

In answer to the bill, respondents, Frank and Raleigh McKenzie, deny that complainant owns and is in the peaceable possession of the above described lands and further allege that they, the respondents, own said lands, and that they were in the peaceable possession thereof when this suit was filed.

The cause was submitted for final decree in the court below on testimony taken ore tenus before the trial judge. That court granted the relief prayed for in the amended bill of complaint, ordered, adjudged and decreed that the complainant, The Protestant Episcopal Church in the Diocese of Alabama, a corporation, is the owner of the real estate described in the bill of complaint as amended, and that Frank McKenzie and Raleigh McKenzie, the respondents in this cause, have no right, title, or interest in, or lien or encumbrance upon such lands or any part thereof. Respondents filed their motion to set aside the decree. It was denied and respondents appealed.

It was stipulated and agreed "that the parties hereto claim under, by and through a common source, John McKensey."

Respondents, sons and heirs at law of John McKensey (John McKenzie) stake their claim to the lands described in the bill on a deed executed and delivered to them on September 16, 1929, by the other heirs at law of John McKensey. That deed describes the land as follows: "Beginning at a stake at the southwest corner of lot number three (3) of the subdivision of the Nicholas Cook grant, secs. 38 & 4, in Twps. 7 & 8, S., R. 2 E., in Baldwin County, made by N. L. Durant, county surveyor, signed Sept. 5th, 1899, and recorded in Deed Book #2 NS, pages 646–7, running thence north 13° 30' west 10.46 chns.; thence north 81° 30' east 57.12 chns. to the margin of Weeks Bay; thence south 27° east 3.94 chns.; thence south 69° west 3.89 chns.; thence south 3.03 chns.; thence south 80° 30' west 51.75 chns.; thence south 30° west 2.60 chns. to the point of beginning, containing 46.78 acres more or less."

All of the above described lands, as described in the bill and answer, are located on the west side of Weeks Bay in Baldwin County, Alabama, and are within the boundaries of what is known as the Nicholas Cook grant or claim, as shown by a map or plat prepared by N. L. Durant, county surveyor, and recorded in the office of the judge of probate of Baldwin County on September 5, 1899, in Deed Book 2, pages 646–647.

The description of the property claimed by the church is in accord with a map or plat in evidence, which is designated "Plat of survey Bishop Beckwith property, being southern part of lot #3 of the N. L. Durant subdivision of Nicholas Cook claim as recorded in D.B. 2 p. 646–647, Baldwin County, Alabama. November 28, 1933. Scale 1"–400'. Durant Eng. Co." So far as the record shows that map was never recorded.

The only errors assigned are the rendition of the final decree; the overruling of appellants' motion to set aside that decree, and the admission of certain deeds in evidence over the objection of appellants.

The Episcopal Church's immediate grantors were Mary C. Beckwith and Edmund R. Beckwith, the widow and son of Bishop C. M. Beckwith, deceased. Bishop Beckwith acquired the property described in the complaint from Edith P. Walker. Edith P. Walker acquired a part of the land described in the complaint by deed dated February 12, 1906, from John McKensey, the admitted common source of title, and the balance through a deed dated November 6, 1897 from John McKensey to Dora Lewis; a deed dated July 21, 1904 from Dora Lewis to Ed Nelson, and a deed dated March 30, 1905 from Ed Nelson to Edith P. Walker. Edith P. Walker conveyed an undivided one-half interest in the lands described in the bill, and other lands not here involved, to Bishop Beckwith. Later by deed dated January 20, 1911, Edith P. Walker conveyed her remaining undivided one-half interest to the lands described in the bill to Bishop Beckwith.

As shown above, appellants rest their claim to the lands described in the bill on a deed dated February 16, 1929, from the heirs at law of John McKensey who died in 1913. None of the heirs at law of John McKensey claimed any part of or interest in the lands described in the bill until after February 16, 1929.

The question of possession of the lands described in the bill was one of fact. The testimony was taken ore tenus before the trial court and was in conflict. We are not willing to overturn the trial court's finding to the effect that the appellee has title to the lands described in the bill; nor do we find error in the court's denial of appellants' motion to set aside the decree.

Objection was made and overruled to the introduction of certain deeds by appellee as muniments of its title. We have carefully examined each of them and find that they are relevant and material.

No error appearing, the decree of the trial court is affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.